SANDERS, Chief Justice.
The State jointly charged Alvin Senette and Michael Colton with distribution of heroin, a violation of LSA-R.S. 40:966. After trial, the jury found them both guilty as charged. The court sentenced Senette to life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant Senette appeals his conviction and sentence, relying upon five assignments of error. Finding reversible error in Assignment of Error No. 3, we pretermit treatment of the remaining four assignments of error.
The facts disclose that on August 25, 1975, the defendants sold an undercover police officer two tin foil packets of heroin for $350.
In Assignment of Error No. 3, Senette complains that the trial court improperly denied his challenge for cause of prospective juror Albert C. Provost. The defendant’s challenge of Provost arose as follows:
During voir dire, defense counsel questioned the prospective jurors about prior jury service in narcotics cases. Provost testified that he had served as juror the previous week in a narcotics distribution case. He also informed the court that two of the State’s intended witnesses, Officers Larry Taplin and William Reiher, had also testified during that trial.
Relative to these disclosures, the following colloquy occurred:
“BY DEFENSE COUNSEL: Now, would the fact that you heard Officer Taplin testify before tend to . . .do you feel a relationship with him, or would you tend to believe his testimony more in this case? Or could you judge him again on this matter:
“BY PROVOST: I could.
“BY DEFENSE COUNSEL: You could be impartial?
“BY PROVOST: Yes.
“BY DEFENSE COUNSEL: How long ago was it?
“BY PROVOST: Last Tuesday.
“BY DEFENSE COUNSEL: Mr. District Attorney, do you have any other witnesses besides Officer Taplin? I'd like to ask the jurors if they know them.
“BY THE PROSECUTOR: Your Honor, the State’s witness list is filed in the record.
*924 “BY DEFENSE COUNSEL: Would the Court call them?
“BY THE COURT: Since there’s only a few I will call it, with the exclusion of the chemist. Officer William Reiher and Officer John Driscoll. Ask these officers to step into Court and stand by the rail.
“BY THE PROSECUTOR: If it please the Court, Officer Driscoll is in Federal Court this morning. The State does not intend to use him.
“BY THE COURT: Officer William Rei-her, would you step forward and stand by the rail and face the jury for voir dire examination. That’s fine. Would you also face the remaining jurors? Thank you, officer. Would you step outside until your name is called as a witness.
“BY DEFENSE COUNSEL: Do any of you know this particular police officer? Was this a police officer that testified in that case, too, sir?
“BY PROVOST: Yes.
“BY DEFENSE COUNSEL: Would the fact you again see this police officer in any way tend to give him more credit when you listen to his testimony than any other witness ?
“BY PROVOST: It would.
“BY DEFENSE COUNSEL: Submit it for cause, Your Honor.
“BY THE COURT: Not at this time; denied.
“BY DEFENSE COUNSEL: I’d like to note my objection to the Court’s ruling.
“BY THE COURT: Is it your testimony, Mr. Provost, that because you sat through a case in which both these witnesses testified that you could not give this defendant, Alvin Senette, a fair and impartial trial ?
“BY PROVOST: Right.
“BY THE COURT: I don’t think that’s sufficient, Mr. Heyd [defense counsel]. It’s overruled.” (Tr. pp. 22-24) (Emphasis added.)
LSA-C.Cr.P. Art. 797 provides the bases upon which a prospective juror may be challenged for cause. It provides in pertinent part:
“The state or the defendant may challenge a juror for cause on the ground that:
“(2) The juror is not impartial, whatever the cause of his partiality. * * * ”
As defendant exhausted his peremptory challenges prior to the completion of the jury panel, the trial court’s denial of his challenge for cause is properly before us. LSA-C.Cr.P. Art. 800.
In the instant case, Provost testified clearly that he could not give the defendant an impartial trial. The voir dire examination ended without any attempt to clarify his response or rehabilitate the juror. See State v. Governor, La., 331 So.2d 443 (1976). Apparently, the juror’s partiality was based upon his having considered the police officers’ testimony during his prior jury service. As defense counsel properly noted during voir dire examination, the State’s case rested primarily upon police testimony. Officer Taplin made the narcotics purchase, and Officer Reiher witnessed the transaction.
We conclude that the trial judge erred in denying the challenge for cause. See State v. Nolan, La., 341 So.2d 885 (1977); State v. Jones, La., 282 So.2d 422 (1973).
For the reasons assigned, the conviction and sentence are reversed. The case is remanded to the district court for a new trial according to law and consistent with the views herein expressed.